**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HAL YAEGER,** | ) | **CASE NO. 5:16CV2407** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **SIGNAL LAKE MANAGEMENT,** | ) | |
| **LLC, et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the pending motions: (1) Motion (ECF DKT #22) of Defendant, Mark A. Owenby, to Dismiss for Lack of Personal Jurisdiction (Fed.R.Civ.P. 12(b)(2)); (2) Motion (ECF DKT #23) of Defendants, Signal Lake Management LLC, Barton Stuck, Mark Owenby, Signal Lake General Partner LLC, to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Fed.R.Civ.P. 12(b)(6)); and (3) Alternative Motion (ECF DKT #33) of Plaintiff, Hal Yaeger, for Leave to Amend Complaint. For the following reasons, the Motion for Leave to Amend is granted and the Motions to Dismiss are denied.

## I. FACTUAL BACKGROUND

According to Plaintiff's Complaint, in January of 2013, Plaintiff met with Defendant Stuck and discussed Plaintiff's potential employment with Defendants Signal Lake Management and/or Signal Lake General Partner, assisting in researching, securing and managing investment opportunities in Ohio. Plaintiff alleges that he was not justly compensated for the services he provided Defendants under the terms of an Oral Employment Agreement and an Operating Partner Employment Agreement. He claims Breach of Contract; Unjust Enrichment; Promissory Estoppel; Fraud; Violation of the Fair Labor Standards Act; Violation of the Ohio Wage Act; Violation of the Ohio Prompt Pay Act; Alter Ego; and Fraudulent Conveyance as against Defendant Stuck.

Defendants move for dismissal on the grounds that Plaintiff's claims are barred by res judicata because they arise from a transaction or transactions which were already litigated in a Lake County Ohio lawsuit. Also, Defendants argue that Plaintiff fails to adequately plead misconduct against each separately named Defendant and fails to plead a plausible claim for fraud. In addition, Defendants assert that the wage claims are time-barred.

Plaintiff opposes the dismissal motion and seeks leave to amend "to rectify the alleged shortcomings in the specificity of his averments" and "to clarify the basis of his claims, i.e., that they arise from transactions not covered by the Promissory Note or the Lake County Judgment [on that Note]."

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend]

when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). Defendants do not charge Plaintiff with bad faith; although they do argue undue delay, prejudice and futility.

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994). In the instant situation, the Court believes that these factors weigh in favor of allowing Plaintiff to amend.

Defendants insist that Plaintiff's proposed amendment would be futile. However, in light of Plaintiff's suggested clarifications and corrections, the Court declines to deny an amendment as futile. The Court acknowledges the principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir.2011).

Plaintiff is cautioned, nonetheless, that this will be his fourth Complaint against these Defendants based upon the same factual foundation. Plaintiff must be mindful of his pleading requirements as well as his ethical obligations.

### III. CONCLUSION

Therefore, the Alternative Motion (ECF DKT #33) of Plaintiff, Hal Yaeger, for Leave to Amend Complaint is granted. Plaintiff shall file his amended pleading on or before September 18, 2017. In view of this ruling, the Motion (ECF DKT #22) of Defendant, Mark A. Owenby, to Dismiss for Lack of Personal Jurisdiction (Fed.R.Civ.P. 12(b)(2)) and the Motion (ECF DKT #23) of Defendants, Signal Lake Management LLC, Barton Stuck, Mark Owenby, Signal Lake General Partner LLC, to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Fed.R.Civ.P. 12(b)(6)) are denied.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: August 28, 2017**